OPINION
Appellant, Peter Phillips, appeals from the judgment of the Mentor Municipal Court, convicting him of a marked lanes violation and driving under the influence of alcohol.
On March 23, 1999, at approximately 12:50 a.m., Officer Dean Miller of the Mentor Police Department, while traveling behind appellant in the right eastbound lane of Mentor Avenue, observed the left tires of appellant's pickup-up truck travel onto the white broken line dividing the two eastbound lanes and then quickly drive back towards the center of the lane. The officer did not observe appellant's vehicle cross the white broken line. A couple of seconds later, the officer observed appellant's truck make the same motion again. After observing the second motion, the officer waited approximately five seconds, and then he activated his overhead lights and stopped appellant. As a result of the stop, appellant was charged with one count of marked lanes, in violation of R.C. 4511.33, and one count of driving under the influence of alcohol or drugs, in violation of R.C. 4511.19(A)(1).
On June 11, 1999, appellant filed a motion to suppress evidence, which was denied by the trial court after a hearing on the matter. A jury trial was held on July 8, 1999, and the jury found appellant guilty of a marked lanes violation and driving under the influence of alcohol. On September 16, 1999, the trial court sentenced appellant to forty-five days in jail, a $700 fine, a one-year license suspension, and probation for one year. From his judgment of conviction, appellant assigns the following errors:
 "[1.] The trial court erred when it denied appellant's motion to suppress.
 "[2.] The trial court erred to the prejudice of appellant when it denied his Criminal Rule 29 motions.
 "[3.] The verdict was against the manifest weight of the evidence."
In his first assignment of error, appellant alleges that the trial court improperly denied his motion to suppress. Appellant contends that the stop violated his Fourth Amendment rights because the officer did not have probable cause to believe that he had committed a traffic violation or reasonable suspicion to believe that he was driving under the influence of alcohol.
In order to conduct an investigative stop of a motor vehicle, a police officer must have an articulable and reasonable suspicion that the motorist is engaged in criminal activity or is operating his vehicle in violation of the law. Delaware v. Prouse (1979), 440 U.S. 648, 663,99 S.Ct. 1391. The propriety of an investigative stop is to be viewed in light of the totality of the circumstances. State v. Bobo (1988),37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus.
In Dayton v. Erickson (1996), 76 Ohio St.3d 3, 665 N.E.2d 1091, the Supreme Court of Ohio held that "where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution." Id. at syllabus. Appellant contends that operating his truck onto the white broken line dividing the two eastbound lanes of Mentor Avenue did not provide the officer with probable cause to stop him for committing a marked lanes violation. R.C. 4511.33 (Rules for driving in marked lanes) provides in part:
 "Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:
 "(A) A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety."
In the instant case, Officer Miller gave the following testimony at appellant's suppression hearing:
 "I was driving behind Mr. Phillips' vehicle, or truck, and he was in the eastbound lane, in the right lane, and I noticed twice that he went onto the white line, the white pavement marking and back to the right. I noted in my report it was a jerking motion. * * *"
When the prosecutor asked the officer if appellant had ever left the lane, he responded that appellant drove "onto the white markings and then back over [towards the middle the lane]." Officer Miller further testified that there was no traffic in the left eastbound lane, that appellant was driving a big Ford pick-up truck that "took up a bigger portion of the road than a smaller vehicle," and that the truck did not hit the curb on the right-hand side of the lane.
Based upon the evidence presented at the suppression hearing, we cannot conclude that Officer Miller had probable cause to believe that appellant had committed a marked lanes violation. R.C. 4511.33 merely requires that a motor vehicle be operated "as nearly as is practicable" within a single lane of traffic. See Ontario v. Mathews (Oct. 23, 1997), Richland App. No. 97-CA-36-2, unreported (inferring that a minor lane crossing does not constitute a violation of R.C. 4511.33). Given that appellant was driving a large pick-up truck with no cars traveling in the lane next to him, appellant did not violate the marked lanes statute by momentarily touching the white broken line that divides the two eastbound lanes of Mentor Avenue.
Because the officer did not have probable cause to stop appellant for a marked lanes violation, the stop violates appellant's Fourth Amendment right against unreasonable seizures unless Officer Miller had reasonable suspicion to believe that appellant was driving under the influence of alcohol. This court has previously held that "[t]here must be some indicia of erratic driving to warrant an investigative stop beyond some incident of modest or minimal weaving in one's lane alone." State v.Spikes (June 9, 1995), Lake App. No. 94-L-187, unreported. In Willoughbyv. Mazura (Sept. 30, 1999), Lake App. No. 98-L-012, unreported, this court stated: "[p]olice officers may lawfully stop a motor vehicle solely on the basis that the vehicle is weaving, but only when the extent of the weaving [is] what can be described as substantial." Id., citing Statev. Farley (Feb. 11, 1994), Lake App. No. 93-L-078, unreported.
In Mazura, we determined that there was insufficient evidence to conclude that appellant's driving was erratic, and thus the traffic stop of his vehicle was illegal. The record in Mazura included the following evidence:
 "* * * the facts, as determined by the trial court, show that Officer Pitts followed appellant's vehicle for one-quarter of a mile and observed it weave in its lane of travel while traveling approximately twenty feet behind another vehicle. * * * [At the December 4, 1997] hearing on appellant's motion to suppress, Officer Pitts testified that appellant, `was driving on the center double yellow line and touching that line going to the other the divider, the white divider line several times.'"
In the case sub judice, appellant's weaving within his lane was less substantial than the weaving in Mazura. The tires on the left side of appellant's truck touched the white broken line twice and his rights tires never touched the curb. Even though Officer Miller testified that appellant jerked back towards the center of the lane, the truck's movement could not have been significant because the truck occupied more of the lane than smaller vehicles and did not touch the right curb. Based on the record before this court, we cannot conclude that appellant's driving was erratic. The trial court erred by denying appellant's motion to suppress. Appellant's first assignment of error has merit.
We do not need to address appellant's second and third assignments of error because they are rendered moot based on our conclusion that the evidence against appellant should have been suppressed by the trial court.
For the foregoing reasons, the judgment of the Mentor Municipal Court is reversed. This case is remanded to the trial court for further proceedings consistent with this opinion.
 _________________________ NADER, J.
FORD, P.J., concurs, CHRISTLEY, J., dissents.